John J. Dillon, S.
This an accounting proceeding in which the decedent’s former wife, hereinafter referred to as the respondent, has interposed several objections to the proposed settlement of the petitioner’s account. The principal objection relates to respondent’s rejected claim for the support and maintenance of decedent’s children over a period covering approximately 17 years. The petitioner has indicated that she intends to rely upon the Statute of Limitations as one of the defenses to the claim being asserted. The respondent has made a motion to examine the petitioner with respect to those issues which would suspend the operation of the Statute of Limitations and also with respect to the decedent’s financial status and income during the 17-year period covered by the claim. In addition, the respondent seeks to examine the petitioner pursuant to section 263 of the Surrogate’s Court Act with respect to all matters embraced in the account, the assets owned by the decedent at the date of his death and the general administration of the estate by the petitioner. The petitioner has requested leave to examine the respondent with respect to the expenditures allegedly made by her for the support and maintenance of the decedent’s two children. If the claim as asserted by the respondent is allowed in full the estate will be rendered insolvent. If on the other hand, the Statute of Limitations proves to be a valid defense, there will be sufficient assets to discharge the claim even if allowed in the amount being sought for the period not barred by the Statute of Limitations. At this juncture of the proceedings it would appear to be an onerous burden to require the petitioner to submit to an examination covering a 17-year period if in fact the Statute of Limitations will bar a good portion of the recovery being sought for the earlier years. Likewise, if the Statute of Limitations proves to be a valid defense, no point will be served by subjecting the petitioner to the examination being sought under section 263 of the Surrogate’s Court Act since the estate assets will be more than ample to satisfy that portion of the claim which is not barred by the Statute of Limitations.
*960 The petitioner is authorized to file a reply to the answer for the purpose of pleading the Statute of Limitations and any other defense available as she may be advised. After the said reply has been filed, the examination being sought by the respondent will be allowed as to those matters relating to the suspension of the operation of the Statute of Limitations. (Items “d” and “ e ”.) After said examination has been completed, this matter will be set down for a preliminary trial to resolve the issue as to whether or not the Statute of Limitations is a valid defense. The respondent’s motion for an examination with respect to the remaining items as well as the examination being sought by the petitioner is denied at this time without prejudice to a renewal of such applications after the preliminary issue has been resolved.
The respondent also seeks an order restraining the petitioner from in any way distributing the remaining estate assets or from making any payments therefrom. The petitioner contends that both she and her infant son are dependent upon the estate assets for support and maintenance. The alleged creditor on the other hand asserts in effect that unless the petitioner is restrained from making any further distribution of estate assets, the possibility of ultimately satisfying her claim, even if allowed, will be put in jeopardy. After carefully considering the equities herein, the court is constrained to grant the restraining order for a period of three weeks from the date hereof. During the interim three weeks, the attorneys for the respective parties are directed to arrange for a conference with the Surrogate to see if any equitable and mutually satisfactory solution can be arrived at with respect to this aspect of the estate administration.
Settle order and proceed accordingly.